IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE DANIEL FLORES MONTILLA,

Petitioner,

vs.

WARDEN OF THE LINCOLN COUNTY JAIL, in their official capacities; SAM OLSON, ERO Field Office Director, ICE St Paul, in their official capacities; SIRCE E. OWEN, Director Excecutive Office for Immigration Review, in their official capacities; DAVID VENTURELLA, Acting Director, United States Immigration Customs Enforcement, in their official capacities; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacities; and TODD BLANCHE, Attorney General of the United States, in their official capacities;

Respondents.

**8:26CV540**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Jose Daniel Flores Montilla's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination. The Court concludes that because Flores Montilla is subject to a final order of removal, he is not eligible to be released on bond.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela. Filing No. 6 at 4. He entered the United States without inspection. Filing No. 6 at 4. On April 1, 2023, Border Patrol apprehended Petitioner, and he was issued a notice to appear. Filing No. 6 at 4. On

October 4, 2023, Petitioner failed to appear in immigration court and was ordered removed in absentia. Filing No. 6 at 4.

On June 11, 2026, local police in Minot, North Dakota, arrested Petitioner. Filing No. 6 at 4. On June 14, he was transferred to ICE custody and eventually to the Lincoln County Jail in Nebraska where he remains detained. Filing No. 6 at 5. On June 24, 2026, the United States halted deportations to Venezuela due to a natural disaster which destroyed an airport. Filing No. 6 at 5.

On September 11, 2026, Respondents served a Decision to Continue Detention on Petitioner indicating he would stay detained because he was a flight risk and because his removal was likely to occur in the foreseeable future. Filing No. 6-7. On September 19, 2026, ICE received notification that removal fights would be resuming to Venezuela. Filing No. 6 at 5. ICE has verified Petitioner's Venezuelan citizenship and has his Venezuelan consular ID card. Filing No. 6 at 5.

Petitioner files for habeas corpus relief, arguing he did not have notice of his immigration hearing prior to being ordered removed, his detention is unlawful, and he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner has been ordered removed. Once a non-citizen has been ordered removed, "[d]uring the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Thus, this Court has no authority to order release of an alien subject to a final order of removal.

Petitioner argues he was not aware of the immigration court date at which he was ordered removed in absentia. Filing No. 1 at 6. While a lack of notice may provide a basis for Petitioner to challenge or reopen his prior removal order, his remedy lies with the immigration court, not the federal district court. *See* 8 U.S.C. § 1229a(b)(5)(C) (vesting the authority to rescind a removal order in the immigration judge in certain enumerated circumstances including a lack of notice). There is no evidence Petitioner has moved to reopen his removal proceedings based on a lack of notice nor is there evidence that his prior removal order has been rescinded. At the present time, Petitioner is subject to a valid removal order and because of such order, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). The Court lacks authority to order Petitioner's release as he seeks.

There is also a potential issue based on the length of Petitioner's detention, but this argument must fail for several reasons.

Once an alien has been ordered removed, he or she is subject to mandatory detention during the initial ninety-day removal period. 8 U.S.C. § 1231(a)(6). If the alien is not removed after this ninety-day removal period, release is not automatic. Rather, the United States is allowed to determine if further detention is warranted or if the individual should be released under supervision. 8 C.F.R. § 241.4(i). However, the Supreme Court

has determined that an alien may not be detained indefinitely beyond the removal period. Examining the legislative history, the Court found congressional intent that detention of less than six months is generally acceptable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Beyond this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

First, Petitioner does not advance a *Zadvydas* argument in his Petition and does not argue the length of his detention requires release, and for that reason alone the Court cannot grant him relief on that basis. Second, however, even if the Court were to construe his Petition as asserting a *Zadvydas* claim, he has been detained for less than six months, rendering his detention presumptively reasonable. Furthermore, Respondents have rebutted any potential showing of unreasonable detention because they have demonstrated Petitioner's removal is likely in that they have his Venezuelan identity documents and removals to Venezuela have now recommenced.

Should Petitioner remain detained for more than sixth months, he may reassert a *Zadvydas*-based habeas corpus claim, keeping in mind that he bears the burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. The Court will enter a separate judgment.

Dated this 2nd day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge